UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. DAVIS, | CASE NO.   1:10-cv-1457-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| UNITED POSTAL SERVICES, | 30 DAY DEADLINE |
| Defendant. | |

## **SCREENING ORDER**

Plaintiff Thomas L. Davis is a federal prisoner proceeding pro se and in forma pauperis. Plaintiff initiated this action by filing a complaint in the Sacramento Division of this Court on August 2, 2010. (ECF No. 1.)  The case was transferred to the Fresno Division on August 12, 2010 and assigned to the undersigned Magistrate Judge on September 14, 2010. (ECF Nos. 6 & 14.)  Plaintiff has consented to the undersigned handling all aspects of this case. (ECF No. 12.)

**I.    SCREENING REQUIREMENT**

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusion are not.  <u>Iqbal</u>, 129 S.Ct. at 1949.

## II.    PLAINTIFF'S CLAIM

Plaintiff claims that Defendant United Postal Service ("UPS") lost all of his personal belongings, including photographs, clothing, personal care products, and legal manuals and papers. (ECF No. 1 at 3.)  Plaintiff seeks compensatory damages of $1,483.15 and punitive damages of $90,000.  (<u>Id.</u> at 5.)

Plaintiff's Complaint fails to specify the cause of action or legal theory he is pursuing.  However, Plaintiff filed the instant action on a Court form that allows prisoners to seek relief for civil rights violations pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Thus, the Court construes his Complaint as one alleging a violation of his constitutional rights.

Under <u>Bivens</u>, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.  <u>See id.</u> at 397.  To state a claim, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.  <u>See</u> <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir.1991) (42 U.S.C. § 1983 and <u>Bivens</u> actions are identical save for replacement of state actor under § 1983 by federal actor under <u>Bivens</u>).

Plaintiff's Complaint in this case fails to state a claim for a number of reasons.  First, <u>Bivens</u> allows suits only against  federal actors in their individual capacities, <u>see</u> <u>Van Strum</u>, 940 F.2d at 409, and the only Defendant named here is a private corporation. Second, UPS is not facially a federal actor and, although the private status of a defendant does not necessary defeat a <u>Bivens</u> claim, Plaintiff has failed to allege facts showing that

UPS was engaged in federal action or otherwise acting under the color of federal law. See Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1337-38 (9th Cir. 1987) (private status alone is not sufficient to preclude a Bivens claim if the private party defendants jointly participate with government to an extent that they can be characterized as federal actors). In fact, Plaintiff admits in his Complaint that UPS is a "Private Company," and nothing in the Complaint suggests that UPS was acting as anything other than a private company when it lost Plaintiff's belongings. (ECF No. 1 at 2.) Finally, Plaintiff fails to specify a constitutional right that was infringed or why he might be entitled to damages for such infringement.

### III. CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief could be granted. The Court will give Plaintiff leave to amend his Complaint to cure the deficiencies noted in his Bivens claim or to assert a non-Bivens claim. If Plaintiff chooses to pursue a non-Bivens claim, he should strike-through the title stating that it is a "Bivens action" on the form provided for him. He should also explicitly specify what cause of action he is pursuing and explain how this federal court has jurisdiction over his claim.

Plaintiff is hereby on notice that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a Bivens form;

2. Plaintiff's Complaint, filed August 2, 2010, is dismissed for failure to state a claim upon which relief may be granted;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: November 8, 2010                   /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE