1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS L. DAVIS, | CASE NO. 1:10-cv-1457-MJS |
| Plaintiff, | ORDER SETTING MANDATORY SCHEDULING CONFERENCE |
| v. | DATE: 9/8/2011 TIME: 9:30 AM |
| UNITED POSTAL SERVICES | |
| Defendants. | Courtroom 6 (7th Floor) |
| _____/ | MICHAEL J. SENG U.S. MAGISTRATE JUDGE |

Rule 16 of the Federal Rules of Civil Procedure requires the Court to enter a

Scheduling Order within 120 days of service of the Complaint upon the defendant.

Pursuant thereto, you are ORDERED to appear for a formal Scheduling Conference before

United States Magistrate Judge Michael J. Seng, in Courtroom 6 at the United States

Courthouse, 2500 Tulare Street, Fresno CA 93721, at the time and date specified above.

///

///

///

## I.    **Service to be Complete**

The Court is unable to conduct a Scheduling Conference until Defendant[1] has been served with the summons and complaint.  Accordingly, Plaintiff shall diligently pursue service of the summons and complaint and dismiss those Defendants against whom Plaintiff will not pursue claims.  Counsel are referred to Federal Rule of Civil Procedure 4 regarding the requirement of timely service of the complaint.  Failure to timely serve the summons and complaint may result in the imposition of sanctions, including the dismissal of unserved Defendants.  When service is effectuated, Plaintiff shall promptly file proofs of service.

## II.    **Service of this Order**

If this Order is served on counsel for Plaintiff before Defendant has appeared, counsel for the Plaintiff shall serve a copy of this Order on the Defendant, or, if identified, on Defendant's counsel, promptly upon receipt of this Order.  Plaintiff's counsel also shall file an appropriate proof of such service with the Court in compliance with Rule 135 (a) of the Local Rules of Practice for the Eastern District of California.

## III.    **Attendance at Conference**

Attendance at the Scheduling Conference is **mandatory** for counsel and each party not represented by counsel.  Though usually quite brief, some Conferences last forty-five minutes to an hour.

Only counsel who are thoroughly familiar with the facts and the law of the  case and who have full authority to bind the client shall appear.  Trial counsel should participate in

---

[1]  This Order will refer to the parties in the singular regardless of the number of parties named in the Complaint.  This Order applies equally to all parties.

this Scheduling Conference whenever possible.

Personal appearances are encouraged, but unless the Court orders otherwise, counsel may appear telephonically by making reservations through Court Call at 866-582-6878.  Counsel are directed to send confirmation of Court Call reservations to MJSorders@caed.uscourts.gov and lyu@caed.uscourts.gov.  Additionally, counsel are to indicate on the face page of their Joint Scheduling that the conference will be telephonic.

**IV.**    **Pre-Conference Meet and Confer**

At least twenty (20) days prior to the Mandatory Scheduling Conference, the expected trial counsel for all parties shall conduct a conference at a time and place arranged by counsel for the Plaintiff.  The parties are encouraged to hold a conference with all counsel **personally** present but, because of the size of the District and concern for client costs, a telephonic conference call among all counsel is permissible.

**V.**    **Settlement to be Discussed**

Among other things, counsel will be expected to discuss the possibility of settlement with the Court at the Scheduling Conference.  Accordingly, counsel are to throughly discuss settlement with each other before preparing the Joint Scheduling Report (discussed below) and engaging in extensive discovery.  However, even if settlement negotiations are underway, the parties are to comply with the requirements of this Order unless otherwise excused by the Court.

 If the case is settled, counsel must **promptly** inform the Court.  Once such notice is given, the filing of a Joint Scheduling Report and attendance at a Scheduling Conference will be excused.

**VI.     Joint Scheduling Report  Content**

A Joint Scheduling Report, thoughtfully prepared and executed by all counsel, shall

be electronically filed in CM/ECF one (1) full week prior to the Scheduling Conference  and

be e-mailed, in WordPerfect (preferred) or Word format, to mjsorders@caed.uscourts.gov.

The Joint Scheduling Report shall indicate the date, time, and courtroom of the Scheduling

Conference opposite the caption on the first page of the Report.

The Joint Scheduling Report shall address each of the following items in

correspondingly numbered paragraphs:

1.     **Contentions.**  A summary of the factual and legal contentions as reflected

in the pleadings of each party and a statement of the relief sought by each

party.

2.     **Amendments.**  A proposed deadline for amendments to the pleadings.  Any

amendment which reasonably could be anticipated as of the date the

Conference *shall* be filed contemporaneously with the Scheduling

Conference report.  If issues regarding amendment are not resolved at the

Scheduling Conference, a motion to amend deadline may be set in

accordance with Court rules.

3**.**      **Facts.**  A summary detailing the uncontested and contested facts.

4**.**     **Legal Issues.**  A summary of the legal issues as to which there are no

disputes, e.g., jurisdiction, venue, applicable federal or state law, etc., and

a summary of the disputed legal issues.

5.     **Pending matters status.**  The status of all matters (motions, hearings, etc.)

presently set before the Court in this case.

6.   **Discovery plan.**  A complete and detailed discovery plan addressing the following:

(a)   A firm date for the exchange of initial Rule 26(a)(1) disclosures or a statement that disclosures have been exchanged;

(b)   A firm deadline for conducting non-expert discovery;

(c)   Firm date(s) for disclosure of expert witnesses as required by Rule 26(a)(2);

(d)   A firm cut-off date for expert witness discovery; and,

(e)   **If applicable[2]:**

(i)    Any proposed changes in the limits on discovery imposed by Rule 26(b); 30(a)(2)(A), (B) or (C); 30(d); or 33(a)

(ii)   A statement as to whether the parties anticipate the need for a protective order relating to the discovery of personal, medical, financial, commercial or other confidential information;

(iii)  Identification of any unique issues or proposals relating to the timing/sequencing/phasing/scheduling of discovery;

(iv)  A statement of whether the parties anticipate discovery outside the United States and, if so, a description of the proposed discovery;

(v)   A statement as to whether any party anticipates video and/or sound recording of depositions;

---

[2] Items (e)(i) thru (e)(vi) need not be addressed if the items listed therein do not apply and are not requested in this case.

      (vi)     A statement as to whether a Mid-Discovery Status Report and Conference might be productive and, if so, a proposed date for same;

7.     **Electronic media discovery.**  The parties shall state whether they anticipate discovery of electronic, digital and/or magnetic data.  The parties are directed to review and ensure compliance with the specific instructions regarding electronic discovery set out as Appendix A, at the end of this Order.  The Joint Scheduling Report shall summarize the parties' conference relating to discovery of electronic data.

8.     **Other dates and deadlines.**  The parties shall set out deadlines agreed to by all counsel for:

(a)     Filing non-dispositive motions (e.g., to remand, amend, compel discovery, etc.) and filing and hearing dispositive pre-trial motions (e.g., to dismiss, to strike, for summary adjudication or judgment, etc.).  Motions other than motion in *limine* or other trial motions will not be entertained after the agreed-upon deadline.  The proposed deadline for hearing dispositive motions shall be at least seven weeks prior to the proposed Pre-Trial  conference date[3].

(b)     Pre-Trial Conference date, which shall be at least six (6) weeks prior to the proposed trial date.

(c)     Trial date.

---

[3]  This interval and the interval between the Pre-Trail Conference and trial may be shortened and the trial date may be advanced if the parties consent to Magistrate Judge jurisdiction.

All proposed dates should be considered firm dates.  Dates should be set to allow the Court the time to decide submitted matters before the Pre-Trial Conference.

9.   **Settlement.**  A statement reflecting the parties estimation of the likelihood of settlement (keeping in mind, and advising ones' clients, that approximately 98% of cases filed in this court settle). Counsel shall state whether they want a settlement conference and, if so, when relative to discovery cut-offs, designations of experts, and other pre-trial deadlines, and before whom they would like the settlement conference to be held.

10.  **Jury v. Court Trial.**  A statement as to whether the case is a jury or non-jury case.  If the parties disagree as to whether a jury trial has been properly demanded or is available on all claims, the statement shall include a summary of each party's position.

11.  **Trial time estimate.**   An estimate of the number of trial days required. If counsel do not agree, each shall give a best estimate.  In estimating the number of trial days, counsel should keep in mind that the Court normally devotes the entire day to trial.

12.  **Magistrate Judge Jurisdiction.**   District Judges' dockets are extremely crowded. Magistrate Judge's dockets generally allow more flexibility and the ability to commit to agreed trial dates, as well as to provide prompt decisions following Court trials.   All non-dispositive motions are routinely heard by the Magistrate Judge in any event, and many dispositive motions are addressed first by the Magistrate Judge who makes Findings and Recommendations to

the District Judge.  Accordingly, the parties should carefully consider and address whether to consent to the jurisdiction of a U.S. Magistrate Judge for all purposes, including trial, pursuant to 28 U.S.C. section 636 (c).The issue of consent will be discussed further at the Scheduling Conference.

13. **Bifurcation, etc.**  A statement as to whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre-trial motions, or trial.

14. **Related Matters.**  A statement as to whether this matter is related to any matter pending in this or any other court, including bankruptcy court.

**VII.** **Sanctions for non-compliance.**

**IF COUNSEL OR A PARTY APPEARING PRO SE FAILS TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE OR FAILS TO COMPLY WITH THE DIRECTIONS IN THIS ORDER, AN <u>EX PARTE</u> HEARING MAY BE HELD AND JUDGEMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGEMENT MAY BE ENTERED, AND/OR SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR ORDERED.**

**/s/ Michael J. Seng**

United States Magistrate Judge

## APPENDIX A:  ELECTRONIC MEDIA DISCOVERY REQUIREMENTS

Prior to a Rule 26 (f) conference, counsel should carefully investigate their client's information management system to ensure they are knowledgeable as to its operations, how information is stored, and how it can be retrieved. Counsel shall make reasonable efforts to review the client's computer files to ascertain the contents of existing as well as archival and legacy data (outdated formats or media) and disclose in the Rule 26(a)(1) initial disclosure the computer based evidence which may be used to support claim or defenses.

(A)   **Duty to Notify**.  A party seeking discovery of computer-based information shall notify the opposing party as soon as practicable, but no later than the Rule 26(f) conference, of  that fact and identify as clearly as possible the categories of information which may be sought.

(B)   **Duty to Meet and Confer.**  The parties shall meet and confer regarding the following matters during the Rule 26 (f) conference:

(i)   Computer-based information (in general).

Counsel shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoilation;

(ii)   Email information. Counsel shall attempt to agree as to the scope of the email discovery and attempt to agree upon an email search protocol.  This should include an agreement regarding inadvertent production of privileged email messages.

(iii)   Deleted information. Counsel shall confer and attempt to agree

whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and

(iv)     <u>Back-up data.</u> Counsel shall attempt to agree whether or not back-up data may be necessary, the extent to which backup data is needed and who will bear the cost of obtaining backup data.