UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. DAVIS, | CASE NO.   1:10-cv-01457-MJS |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT |
| v. | (ECF No. 21) |
| RONALD NUCI, et al., | |
| Defendants. | |
| _____ / | |

I.   **PROCEDURAL HISTORY**

On August 2, 2010, Plaintiff Thomas L. Davis, a federal prisoner proceeding pro se and in forma pauperis, filed a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.[1]  (Compl., ECF No. 1.)  The Court

---

[1] Petitioner was in the custody of the United States Penitentiary, Atwater (USP Atwater), in Atwater, California, when he filed the complaint. He has since been transferred to the United States Penitentiary, Tucson, in Tucson, Arizona. His subsequent transfer does not affect a determination of venue made when the action is commenced. Tenefrancia v. Robinson Export and Import Corporation, 921 F.2d 556, 559 (4th Cir. 1990); Barcal v. United States, 1997 U.S. Dist. LEXIS 7059 (E.D. Cal. May 6, 1997).

subsequently redesignated Plaintiff's action as a civil action rather than a Bivens civil rights action because the Complaint did not involve prison conditions of confinement. (Redesignation Order, ECF No. 11.) On November 17, 2010, the Court screened the Complaint, found that Plaintiff had not stated a cognizable claim, and gave him leave to amend. (Screening Order, ECF No. 17.) Plaintiff filed a First Amended Complaint on November 16, 2010. (First Am. Compl., ECF No. 19.) Shortly thereafter, and before the Court could screen the First Amended Complaint, Plaintiff filed a Motion to Amend the Complaint and a Second Amended Complaint. (Mot. to Amend., ECF Nos. 20-21.) The Court granted the motion, and gave notice it was proceeding with the Second Amended Complaint as the operative pleading in the case. (Order, ECF No. 22.) Plaintiff's Second Amended Complaint is before the Court for screening.

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 10.)

**II.    SCREENING REQUIREMENT**

The Court is required to screen all complaints brought by plaintiffs proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001). The Court must dismiss a complaint or portion thereof if the action has raised claims that are legally "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### III.     **PLAINTIFF'S CLAIMS**

The Second Amended Complaint names the following individuals as defendants: Ronald Nuci, Correctional Officer, United States Prison, Florence; Scott Davis, Chairman and Chief Executive Officer, United Parcel Services of America (UPS); and Michael L. Eskew, an employee of Courier Services.

The Second Amended Complaint contains fewer factual allegations than the previous two complaints. The Court instructed Plaintiff in the Screening Order to strike through the title of the form complaint as a "Bivens action," and replace it with the type of action he is pursuing should he pursue a different basis for relief. (Order at 3.) Plaintiff did so, and titled the Second Amended Complaint "Administrative adjustment of Claims 28 U.S.C. § 2672." Section 2672 is one of the sections of the Federal Tort Claims Act.

The federal courts have a duty to construe pro se pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quotation omitted)). Consistent with such duty, the Court shall consider Plaintiffs claim based on the Federal Tort Claims Act (FCTA).

Specifically, Plaintiff alleges that on or about September 23, 2009, he was transferred to USP Atwater. (Compl. at 3.) Plaintiff's legal books and manuals, 480 pages of final appeals, and eye glasses were in ten boxes. (Id. at 2-3.) The legal books included a copy of the 2010 Federal Rules of Civil Procedure, a soft cover version of Black's Law Dictionary, and a Self-Help Litigation Manual. (Id.) Implicit in the Second Amended Complaint is the allegation that Defendants lost the property in the boxes. UPS issued a check to Plaintiff for $110.54. (Id. at 2.) Plaintiff alleges that the amount paid by UPS does not cover the actual loss. (Id.) Plaintiff further contends that the compensation provided by UPS was less than the value of the property because Defendant Nuci incorrectly represented to UPS that the boxes contained religious books. (Id.) Plaintiff is seeking damages in the amount of $91,483.15 from UPS and $25,000 from Defendant Nuci. (Compl. at 3.)

///

### A. General Deficiencies

There are several deficiencies in Plaintiff's complaint. First, Plaintiff has not named a proper defendant. In a FTCA action, the United States is the only proper defendant. Hawkins v. USA, No. 1:04-cv-05771-LJO-SMS (PC), 2008 U.S. Dist. LEXIS 86231, 2008 WL 4492183, at *2 (E.D. Cal. Oct. 2, 2008) (citing Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995)). Second, although Plaintiff asserts that he was offered some compensation for his loss, he does not allege that he presented a claim to an appropriate federal agency. This Court lacks jurisdiction over an action brought under the FTCA unless the claim presentation requirement is satisfied. 28 U.S.C. § 2675(a). Third, it appears that Plaintiff's claim is barred by the FTCA's exception for detention of goods by a law enforcement officer. See 28 U.S.C. § 2680(c).[2] Instructive in this regard is the recent decision in Daley v. United States, No. CV 08-0261-TUC-CKJ, 2009 U.S. Dist. LEXIS 33798, 2009 WL 1047930, at *4 (D. Ariz. April 20, 2009), in which the court determined that the plaintiff's FTCA claim arising from the loss of his personal property when he was transferred to a federal correctional facility was barred by the exception for detention of goods by a law enforcement officer. Relying on the decision in Ali v. Federal Bureau of Prisons, 552 U.S. 214, 128 S. Ct. 831, 169 L. Ed. 2d 680 (2008), the court was not persuaded by the plaintiff's arguments that his loss was due to faulty policies and protocols and that the detention-of-goods exception did not apply to officers who deliberately steal or destroy private property. 2009 U.S. Dist. LEXIS 33798, 2009 WL 1047930 at *4; see also Falls v. United States DOJ, 2009 U.S. Dist. LEXIS 112347, 4-5 (E.D. Cal. Dec. 2, 2009) The Court finds the reasoning of the decision in Daley to be persuasive.

### B. Claims Against Defendant Nuci

Plaintiff's claims against Nuci, a law enforcement officer, are barred by Ali. 128 S. Ct. at 841. Indeed, Plaintiff's claims are even more attenuated than those found in Ali or

---

[2] Section 2680 of Title 28 U.S.C. provides: "The provision of this chapter and section 1346(b) of this title shall not apply to - - (c) Any claim arising in respect of . . . the detention of any goods, merchandise, or other property by . . . any other law enforcement officer. . . ."

-4-

Dailey. His claim is based on allegedly incorrect information being provided by Nuci regarding the contents of the packages rather than Nuci having a role in the loss of the property. "[T]he Supreme Court has instructed that the FTCA 'maintain[s] sovereign immunity for the entire universe of claims against law enforcement officers . . . arising in respect of the detention of property. Foster v. United States, 522 F.3d 1071, 1079 (9th Cir. 2008) (citing Ali, 128 S. Ct. at 841.).

Plaintiff could not cure these deficiencies in his claim against Defendant Nuci. No additional facts could create a cognizable claim for relief given the FTCA's exception for detention of goods by a law enforcement officer. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Plaintiff was forewarned in the screening order that failure to file an amended complaint that stated an appropriate federal claim would be dismissed with prejudice. Accordingly, Plaintiff's claim against Nuci is dismissed with prejudice.

### C. Claims Against UPS and Related Actors

Plaintiff's claims against UPS, its CEO, and other related actors (collectively "UPS"), also fail. UPS is a privately owned company. As it is not a federal actor, it is not subject to claims under the FTCA. Construing Plaintiff's pleadings liberally, it could be that he intends to assert claims against UPS on a different legal theory such as breach of contract or tort.

However, federal courts are courts of limited jurisdiction. This Court only has jurisdiction to adjudicate those cases which involve either diversity of citizenship (citizens of different states) and meet a threshold amount in controversy requirement or present a federal question (such as a constitutional claim). See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380-81 (1994); 28 U.S.C. § 1330 et seq. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### 1.     Diversity Jurisdiction and Amount in Controversy

Plaintiff has not stated a claim based on federal law against UPS. Any claims based on contract, tort, or other state cause of action could only proceed in federal court if Plaintiff properly alleged diversity jurisdiction. "Section 1332 of Title 28 confers jurisdiction on federal courts where there is diversity of citizenship between plaintiffs and defendants. Diversity jurisdiction requires complete diversity between the parties--each defendant must be a citizen of a different state from each plaintiff. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); Diaz v. Davis (In re Digimarc Corp. Derivative Litig.), 549 F.3d 1223, 1234 (9th Cir. 2008).

Even if there were geographic diversity of the parties, Plaintiff also must claim damages that in excess of $75,000 to properly allege diversity jurisdiction. 28 U.S.C. § 1332(a). Petitioner alleges damages in the amount of $91,483.15 against UPS. However, his unsupported assertion of damages is not necessarily sufficient to overcome the amount in controversy requirement. "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." Diefenthal v. Civil Aeronautics Bd., 681 F.2d 1039, 1052 (5th Cir. 1982). See also Christensen v. Northwest Airlines, Inc., 633 F.2d 529 (9th Cir. 1980) (affirming dismissal on ground that injury was to small to establish requisite amount of damages); Anthony v. Security Pac. Fin. Serv. Inc., 75 F.3d 311, 318 (7th Cir. 1996); Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000).

### 2.     Actual Damages

Plaintiff has alleged that he lost ten boxes of property. The boxes contained several law books, legal research, and other personal effects of Petitioner.[3] The Court understands

---

[3] While Plaintiff's Second Amended Complaint must stand by itself, the Court notes that in the original complaint, Plaintiff provides a more exhaustive list of property and claims monetary damages in the amount of $1,483.15. (Compl. at 5.) In Plaintiff's First Amended Complaint, he again alleges monetary damages in the amount of $1,483.15 (First Am. Compl. at 4.) In both complaints, Plaintiff claims punitive damages in the amount of $90,000. The combined amounts claimed for monetary and punitive damages equal the total claimed in the Second Amended Complaint.

1 that the material may have contained family pictures and other items of great sentimental
2 value to Plaintiff. But it is patently incredible that the actual monetary value of his lost
3 property was worth more than a few thousand dollars.

### 3.     Punitive Damages

Since Plaintiff's compensatory damages appear to amount to less than $2000, the balance of claimed damages appear to be punitive damages.

"When a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, we should scrutinize that claim closely." Anthony v. Security Pac. Fin. Servs., 75 F.3d 311, 315 (7th Cir. 1996). Plaintiff has not alleged any facts to support a claim which would entitle him to punitive damages. However, even if Plaintiff were entitled to punitive damages under California law, the addition of punitive damages could not raise the amount in controversy over the jurisdictional limit.

The California Supreme Court has set guidelines governing the award of punitive damages in California. In Simon, the plaintiff unsuccessfully attempted to buy an office building from the defendant and sued for promissory fraud when the transaction was not completed. Simon v. San Paolo U.S. Holding Co., Inc., 35 Cal.4th 1159, 1166, 29 Cal.Rptr.3d 379, 113 P.3d 63 (2005). The jury awarded the plaintiff $5,000.00 in compensatory damages and $1.7 million in punitive damages. Id. The California Supreme Court determined (1) the award of punitive damages exceeded the federal due process limitations set forth in BMW[4] and State Farm[5], (2) appellate courts must conduct an independent review when assessing excessiveness under the federal due process clause, and (3) the maximum award constitutionally permissible was $50,000.00, which reflected a 10- to-1 ratio between punitive and compensatory damages. Simon, 35 Cal.4th at 1187-1188, 1189.

---

[4] BMW of North America, Inc. V. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

[5] State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

In <u>Johnson v. Ford Motor Co.</u>, 35 Cal.4th 1191, 29 Cal. Rptr. 3d 401, 113 P.3d 82 (2005), the California Supreme Court reversed the reduction of a punitive damage award to three times the compensatory award based on its determination that the lower court may have misapplied two of the guideposts from <u>BMW</u> and <u>State Farm</u> and may have undervalued the state's interest in punishing and deterring wrongful corporate practice. <u>Johnson</u>, 35 Cal.4th at 1213. On remand, the lower court determined that punitive damages of $175,000, or just less than 10 times the compensatory award, was sufficient to vindicate California's legitimate interest in punishing the misconduct and deterring its repetition. <u>Johnson v. Ford Motor Co.</u>, 135 Cal.App.4th 137, 150, 37 Cal. Rptr. 3d 283 (2005).

As the court in <u>Simon</u> explained,

> Though one court has referred to a 9-to-1 ratio as the constitutional trigger point (<u>McClain v. Metabolife International, Inc.</u> (N.D. Ala. 2003) 259 F.Supp.2d 1225, 1231), one could also argue a "single-digit" ratio includes anything less than 10 to 1. (<u>See</u> <u>Hollock v. Erie Insurance Exchange</u> (Pa. 2004) 2004 PA Super 13, 842 A.2d 409, 422 [10-to-1 ratio "just barely exceeds" single-digit level].) The question is of little or no importance, however, as the presumption of unconstitutionality applies only to awards exceeding the single-digit level "to a significant degree." (<u>State Farm</u>, supra, 538 U.S. at p. 425, 123 S.Ct. 1513.)

<u>Simon</u>, 35 Cal.4th at 1182 n.7. Thus, a ratio of more than 10 to one between punitive and compensatory damages is presumed constitutionally excessive in California. <u>Id.</u>

Taking the facts of the Second Amended Complaint in the light most favorable to Plaintiff, the claim of punitive damages is constitutionally suspect due to the lack of actual damages incurred by Plaintiff. <u>See</u> <u>BMW, Inc.</u>, 517 U.S. at 574-75. Even if Plaintiff were ultimately to be awarded punitive damages in the ratio of 10 to 1, his total damages would not meet the $75,000.00 pleading minimum.[6] Accordingly, Plaintiff's claim against UPS and related defendants is not supported by the factual evidence and should be dismissed for lack of subject matter jurisdiction. <u>Lopez</u>, 203 F.3d at 1129. The dismissal will be without prejudice so Plaintiff may pursue his claims in state court, if desired.

---

[6] The punitive damage amount based on actual damages in the Second Amended Complaint would be no more than $20,000, making the total damages less than $22,000.

-8-

## IV. ORDER

Plaintiff has failed to state a cognizable federal claim. As Plaintiff may be able to bring state claims against UPS and related Defendants in state court, the action is dismissed without prejudice.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint against Defendant Nuci is DISMISSED with prejudice;
2. Plaintiff's Second Amended Complaint against Defendants UPS, Davis and Eskew is DISMISSED without prejudice; and
3. All pending motions are DENIED as MOOT.

IT IS SO ORDERED.

Dated:   August 9, 2011          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE