# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD NUCCI, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.   1:10-cv-1457-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S OBJECTIONS TO COURT'S ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>(ECF No. 29) |

Plaintiff Thomas L. Davis ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action initiated pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] .

After having found no cognizable claim in Plaintiff's initial and First Amended Complaints, the Court screened Plaintiff's Second Amended Complaint and, on August 10, 2011, found that it too failed to state a cognizable federal claim and dismissed it without prejudice to it being refiled in state court. (ECF No. 27.)

On August 22, 2011, Plaintiff filed an Objection to the Court's August 10, 2011 Order dismissing Plaintiff's Second Amended Complaint. (ECF No. 29.) Plaintiff does not identify the procedural basis for his Objection. Since it appears he is seeking relief from the Court's Order dismissing his Second Amended Complaint, the Court analyzes it in the

---

[1] The action was redesignated as a civil action on August 23, 2010. (ECF No. 11.)

context of a motion to reconsider, vacate, alter or amend the order of dismissal.

Plaintiff argues that the Court's dismissal was inappropriate because the Court was unaware of eight objections which he lists in the Objection. The eight objections collectively direct the Court's attention to the following: UPS is not a federal corporation or agency; Defendant Nucci misidentified and mis-appraised Plaintiff's property; <u>Ali v Federal bureau of Prisons,</u> 552 U.S. 214 (2008), cited by the court in its August 10, 2011 Order, does not prevent Plaintiff's recovery; Plaintiff's damages were miscalculated by the Court; and the Court should require all Defendants to answer before judging Plaintiff's Second Amended Complaint.

The essence of Plaintiff's Objection is that he disagrees with the Court's Screening Order. His stated grounds do not, however, identify any that the Court failed to consider in its August 10, 2011 Order, nor do they change the facts or allegations in any way.

Federal Rule of Civil Procedure 60 enumerates grounds, including mistake, inadvertence, newly discovered evidence, "or any other reason that justifies relief", for relief from an order or judgment. The "any other reason" ground in Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only [in] extraordinary circumstances..." <u>Harvest v. Castro</u>, 531 F. 3d 737, 749 (9th Cir. 2008) internal quotation marks and citation omitted). Moreover, Local Rule 230 (k) requires a Plaintiff seeking reconsideration to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motions, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision, <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

1    Plaintiff has failed to establish any permissible rationale under Federal Rule of Civil Procedure 60 that would entitle him to relief from the Court's August 10, 2011 Order.  He has not identified any mistake committed by the Court, newly discovered evidence, or grounds that would justify the Court's reinstatement of his Second Amended Complaint. None of Plaintiff's enumerated objections cause the Court to withdraw its reliance on the reasoning in Daley v. United States, No. CV 08-0261-TUC-CKJ, 2009 U.S. Dist. LEXIS 33798, 2009 WL 1047930, at *4 (D. Ariz. April 20, 2009):  Plaintiff's purported action against the United States and against Defendant Nucci is barred by the fact that the property lost was lost during the course of detention by law enforcement.

   Similarly, Plaintiff's additional characterization and valuation of the lost property does not alter the conclusion that Plaintiff's damages total nowhere near the $75,000 jurisdictional minimum of this Court.

   Thus, regardless of the alleged wrongfulness of the alleged acts and the significance of the loss to Plaintiff, this Court cannot provide a forum or a remedy for Plaintiff's claims.  He is again invited to consider the propriety of initiating an action against UPS in state court.

   In summary, the Court finds that Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Plaintiff's disagreement with the Court's ruling is not grounds for relief from tits Order. Westlands Water Dist., 134 F.Supp.2d at 1131.

   Accordingly, Plaintiff's Objection is DENIED with prejudice.  The Court's Judgment entered August 10, 2011 (ECF No. 28) stands as the final order in this case.

IT IS SO ORDERED.

Dated:   November 28, 2011              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE